510 F.2d 966
 88 L.R.R.M. (BNA) 2847, 76 Lab.Cas. P 10,674
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
National Mine Service Company, Appellant-Appellee
v.
United Steelworkers of America et al., Appellees-Appellants.
 Nos. 75-1003, 75-1004.
 United States Court of Appeals, Fourth Circuit.
 Feb. 19, 1975.
 
 Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 In its carefully prepared opinion the district court found the controlling facts to be that the company and the union agreed upon July 1, 1972, as the date for the end of the First Control Year, but that the Pay Board settled upon September 30, 1972, as the closing date, thus delaying implementation of the wage settlement from July 3, 1972, until October 1, 1972. He further found that this had the practical effect of delaying the dates of implementation of later wage increases from July 3, 1973 and 1974 to October 1, 1973 and 1974, respectively. He correctly read the collective bargaining agreement to mean that Article 31.1 was subject to Article 31.6. He thus concluded that a delay or denial of implementation had been occasioned by a decision of the Pay Board, thus triggering that part of Article 31.6 allowing either party to terminate the agreement by a 60-day notice. Article 37.2 plainly provides that after such notice either party may resort to strike or lockout as the case may be. It is conceded that an adequate notice was given.
 
 
 2
 We think the findings of fact of the district court are not clearly erroneous and that his application of the terms of the collective bargaining agreement to those facts is correct, and we affirm his decision of December 9, 1974, to refuse an injunction.
 
 
 3
 On remand the district court will enter an order dissolving the injunction entered pending appeal.
 
 
 4
 Affirmed.